## 10111.

### GRANT v. CHAVIS.

#### (97 S. E. 838.)

Before MEMMINGER, J., Marlboro, Fall term, 1917. Affirmed.

Suit by Irving Grant against L. C. Chavis. From a decree for plaintiff, defendant appeals.

*Mr. D. D. McColl,* for appellant, submits: *"Deeds may be reformed in equity if fraud or mutual mistake so as to effect the intention of the parties and this may be done upon parol evidence where the proof is clear, convincing and satis-*

factory. *It makes no difference how the mistake originated or whether the object of reformation is to correct a misdescription, to include lands omitted by mistake, to enlarge or restrict the character of the estate, to insert or qualify, covenant or condition or to correct in other respects:"* 65 Am. St. Rep. 507; 48 S. C. 341; 16 S. C. 282; 50 S. C. 1; 100 S. C. 161. *"Where a deed is made in consideration of the full value of the land, and by mistake an important part of the land contracted to be sold was left out, a case for reformation of the deed is made out:"* 148 U. S. 243; 168 U. S. 573.

*Messrs. Stevenson, Stevenson & Prince,* for respondent, submit: *That the defense set up is a collateral attack upon the judgment in the case of McColl v. Grant (folio 64). There is absolutely no question of what was the judgment, of what were the allegations of the pleadings, nor in deed of what was the appellant's deed. While these stand, he has no title to the respondent's interest in the land. And stand they must until assailed in a direct proceeding:* 46 S. C. 490; 34 S. C. 452.

January 10, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The appeal is from the following decree of the Circuit Court:

"The above case came on for trial before the Court and a jury, and from the pleadings and evidence the only question was a question of title in the plaintiff. The legal title was unquestionably in the plaintiff, and I instructed the jury to so find. The real defense was that there was a mistake in the sale, made on a judgment of foreclosure, whereby the defendant should have acquired a title to the land described, together with a tract of 155 acres which was actually sold, and by mistake was not so conveyed. The mortgage covered only 155 acres, and referred to the page of the record specifying the deed which the mortgagor held for the land.

The land in dispute in this case was an adjoining piece, conveyed to the mortgagor, and was never embraced in the mortgage which was foreclosed in the case of *D. D. McColl, as Assignee, v. E. D. Grant et al.* The plaintiff did not do anything which could be held to have estopped him from claiming his right in the land herein described, and the defendant has not brought himself within any rule which would authorize the Court to deprive the plaintiff of his interest in the land, because of any mistake or on the ground of estoppel. * * *"

The appeal has failed to satisfy this Court that there was error on the part of the Circuit Court in its findings of fact. This practically disposes of the case.

Affirmed.